**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

ARNE S. DUNHEM, *et al.*,                    *

              Plaintiffs,              *

       v.                                                      Civil Action No. AW-04-1016

                                *

SUNTRUST BANKS, INC.,

                                *

              Defendant.

                      * * * * *

**MEMORANDUM OPINION**

Currently pending before the Court are Defendant's Renewed Motion for Summary Judgment [101], Plaintiffs' Motion to Continue [102], and Plaintiffs' Motion Seeking Clarification Regarding the Proposed Testimony of Plaintiffs' Expert James Hardesty [107].  For the reasons stated more fully below, the Court will DENY the Renewed Motion for Summary Judgment, will DENY Plaintiffs' Motion to Continue, and will GRANT-in-part and DENY-in-part Plaintiffs' Motion for Clarification.

**DISCUSSION**

I.    Defendant's Renewed Motion for Summary Judgment

Plaintiffs bring this action against SunTrust Banks, Inc. and SunTrust Bank ("SunTrust" or "Defendant") and claim that they have sustained damages from SunTrust's alleged mismanagement of their accounts held at the bank.  In two orders, this Court granted in part and denied in part Defendant's motion for summary judgment and excluded Plaintiffs' expert James Hardesty from testifying on Plaintiffs damages.  In light of this Court's ruling excluding Hardesty's testimony, Defendant requests that this Court grant summary judgment on Plaintiffs' remaining claims because Defendant asserts that Plaintiffs cannot prove damages.

Both parties concede that in order to prevail on their claims for negligent misrepresentation,

negligent omission and negligence, Plaintiffs must present evidence of damages. Parties, however, dispute whether Plaintiffs have offered admissible evidence as to their damages caused by SunTrust's alleged negligence.

As this Court indicated earlier in its telephonic conference with the parties, it appears that sufficient material facts remain in dispute so that summary judge is not appropriate. Specifically, even Defendant's expert Robert Comment has opined that SunTrust did not satisfy its duty of care insofar as it " caused the Plaintiffs to purchase additional stocks that exacerbated the overweighting of telecommunications and Internet stocks in Plaintiffs' accounts at SunTrust." With respect to this exercise of SunTrust's discretion, Robert Comment recognizes that Plaintiffs may have suffered damages "no larger than $22,856." Based on this testimony alone, a reasonable juror could find that Plaintiffs sustained damages due to SunTrust's actions.

In addition to Comment's testimony, Plaintiffs also offer three figures that purport to represent their damages. To the extent that these figures were calculated in contravention to this Court's prior decisions, they are deemed inadmissible. For example, Plaintiffs aver that the sum of $271,895.91 represents "lost assets entrusted to SunTrust for management." The accompanying exhibit, as well as Plaintiffs memorandum, indicates that this amount reflects the Dunhems' out-of-pocket losses. This figure fails to capture, however, any fluctuation in the market during the period[1] of the alleged misconduct. This Court has ruled that "'Out-of-pocket' damage calculations [must] compare the investment account before and after the broker's misconduct minus any decline in the market during the relevant investment period as indicated by a standard market index." Aug. 22, 2006 Mem. Op. at 5-7. Indeed, this Court emphasized that the Fourth Circuit case upon which

_____

[1] It must also be noted that Plaintiffs' exhibit does not specify the period of time covered.

Plaintiffs explicitly rely cites with approval *Stevens v. Abbot, Proctor & Paine*, in which that court rejected an out-of-pocket measure of damages because this method did not clearly calculate plaintiff's injury caused by defendant's conduct, but rather improperly included market fluctuations in the calculation of the plaintiff's damages. 288 F. Supp. 836, 850 (E.D. Va. 1968) ("[R]egardless of how unsophisticated and financially naive the plaintiff was, she is bound to have known that one who deals in the stock market, regardless of in how conservative a manner, stands not only the chance to have her securities appreciate in value, but likewise stands the chance that same may depreciate.").  At this juncture, this Court will not revisit this issue yet again, but suffice it to say that the new calculation is inadmissible because Plaintiffs have not shown that the figure of $271,895.91 takes into consideration the performance of the market during the applicable period.

Plaintiffs also seek to present evidence that they lost $331,770 in "interest charged by SunTrust as a result of the use and maintenance of the Line of Credit." This Court has entered summary judgment against Plaintiffs on their negligence and negligent misrepresentation claims insofar as these counts relate to the line of credit and interest that accrued thereon, and to the extent that the damages are based on these theories, they are not recoverable.[2] Furthermore, when the $2.5 million line of credit was established, approximately $1.17 million was used to pay off a margin loan at Fidelity Investments.  Even if Plaintiffs were to demonstrate that SunTrust's negligent omission caused them to open the line of credit, there would be no legal basis for making SunTrust responsible for the interest on the earlier margin loan.  In sum, the $331,770 number is problematic,

---

[2] At the pretrial conference, held on August 28, 2006, Plaintiffs sought clarification on the apparent conflict between the earlier version of this memorandum opinion and this Court's March 23, 2006 opinion.  This memorandum opinion was not meant to alter any claims that Plaintiffs may have for negligent omissions of material fact concerning the risks associated with the line of credit.

and Plaintiffs may not use this calculation to prove their damages.[3]

In addition, Plaintiffs claim $60,585 for the investment management fees charged by SunTrust. Where a plaintiff alleges mismanagement of a brokerage account, the fees charged can be recoverable, and this Court finds that if Plaintiffs succeed in their negligence claim, they could be entitled to this amount.

II.     Plaintiffs' Motion for Clarification

In prior rulings, this Court excluded the testimony of Hardesty, finding that the methodology he used to calculate damages did not meet the requirements of Rule 702 of the Federal Rules of Evidence. Plaintiffs, however, also seek to introduce Hardesty's opinions that SunTrust's actions violated the industry standards of care. Because this Court's orders did not address whether Mr. Hardesty could testify on these other issues, Plaintiffs have moved to clarify the Court's earlier rulings.

Admittedly, this Court did not make a determination as to Hardesty's qualifications to testify on the standards of care. Therefore, Plaintiffs' confusion on this matter appears understandable. With the trial date approaching, in the interest of fairness, the Court will allow Hardesty to testify as to the appropriate industry standards of care, but will not permit any testimony concerning either (1) what, if any, damages the Dunhems sustained or (2) whether SunTrust had a duty to reduce and manage the line of credit.

Although Plaintiffs have intimated that Hardesty's testimony should have precluded this Court from granting summary judgment on their negligence claim as it relates to the line of credit,

---

[3] Again, this ruling does not preclude Plaintiffs from recovering damages with respect to the line of credit entirely, but rather rejects the $331,770 figure.

this Court does not agree.  In *Vinogradova v. SunTrust Bank, Inc*., 875 A.2d 222 (2005), the

Maryland Court of Special Appeals held that summary judgment was appropriate on an investor's

negligence claim, despite her expert's testimony that the bank had violated its own internal policies

and industry standards of care.  Rejecting this testimony, the *Vinogradova* court weighed the fact

that the expert provided no concrete evidence "as to what specific industry standards of care were

violated, how they were violated, and how their violation caused [the plaintiff] harm."  *Id.* at 229.

In addition, the court noted that "[o]nly two NASD rules were cited by [the expert] in his report."

*Id.*   In the present case, Hardesty's report merely states that the line of credit was inappropriate due

to Plaintiffs' financial circumstances and their stated risk objectives.  This report makes a general

conclusion about the duty SunTrust had with respect to the line of credit, but does not refer to any

NASD rules or applicable regulations.  These deficiencies persuade the Court that Hardesty's

proposed testimony should not have altered the analysis in either the March 23, 2006 Memorandum

Opinion or the August 22, 2006 Memorandum Opinion.  Accordingly, while Plaintiffs may use

Hardesty's testimony on standards of care, he cannot testify as to the portions of Plaintiffs' suit for

which summary judgment has been granted.

III.     Plaintiffs' Motion for a Continuance

        Finally, Plaintiffs have filed a motion to continue this trial.  In the telephonic conference call

with the Court, Plaintiffs represented that they sought the extension because this Court had yet to

rule on their motions for reconsideration and because Defendant recently filed its renewed motion

for summary judgment.  At the time of the conference with Plaintiffs, this Court had issued opinions

on the pending ripe motions, and Plaintiffs conceded that they no longer need a continuance on this

ground.  The Court also informed parties that it appeared very unlikely that Defendant's motion for

summary judgment would succeed.  Having denied Defendant's motion in this order, this Court finds that Plaintiffs' concerns have been resolved.  For these reasons, Plaintiffs' Motion for Continuance will be denied.

## **CONCLUSION**

Thus, based on the foregoing analysis, this Court will deny Defendant's Renewed Motion for Summary Judgment and will deny Plaintiffs' Motion for a Continuance.   The Court also will grant in part and deny in part Plaintiffs' Motion for Seeking Clarification Regarding the Proposed Testimony of Plaintiffs' Expert James Hardesty.  An Order consistent with this Opinion will follow.


August 28, 2006
Date

/s/
Alexander Williams, Jr.
United States District Judge